**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENDAN P. CONNICK AND RILEY CONNICK** | **CIVIL ACTION** |
| **VERSUS** | **NO:   25-1376** |
| **WESTERN CONCRETE PUMPING, INC., ET AL** | **SECTION: "J" (4)** |

## ORDER AND REASONS

Before the Court is **Plaintiff Riley Connick's Motion to Quash and/or For Protective Order  (R. Doc. 27)**, seeking to quash two subpoenas to her mental health providers Hanson Psychiatry, LLC and Ochsner Clinic Foundation,  R. Doc. 96.  The motion is opposed. R. doc. 28. The plaintiff filed a Reply Brief in Response to Defendants Memorandum in Opposition to Plaintiff's Motion to Quash and/or for Protective Order. R. doc. 30.

## I.      Introduction

### A.  Factual Background

This lawsuit arises out of a motor vehicle collision that occurred on May 10, 2024.  Riley Connick, a passenger in a car driven by her husband Brendan Connick, was injured when the car she was riding in was struck by a cement truck owned by Western Concrete Pumping( hereinafter referred to as "Western).   Riley Connick  ("hereinafter identified sometimes as "Riley") alleges that she suffered severe physical injuries, requiring surgical intervention to her cervical and lumbar spine.  She further alleges that she experienced pain, suffering and emotional distress due to her cervical and lumbar spine injuries. Riley contends that as a natural result of these physical injuries and pain, she experienced typical emotional distress and mental anguish.

Plaintiff filed the subject motion seeking to quash and/or for protective order for the subpoenas issued regarding her mental health treatment she received at any time.  They also sought

the designation of a person to attest to the records  and matters known or reasonably available to each provider. Plaintiff contends that her mental health records are protected by the psychotherapist patient privilege  and contain information that is not reasonably calculated to lead to the discovery of relevant evidence.  Plaintiff further contends that the subpoenas seek information not proportional to the needs of the case.

Alternatively, Plaintiff seeks a protective order under rule 26 ( C ) where she requests that any responsive records be disclosed to the Court for *in-camera* review, or that the records filed into the Court record by the Defendants be filed strictly under seals. *Id*. at 2.  Plaintiff contends that the parties had a Rule 37 conference on May 19, 2026, but could not resolve the issue without court intervention. *Id*. at 3;  R. Doc. 27-6 at. 1.

Western contends that this court has ruled that because a plaintiff asserts emotional distress damages, they are relevant to the defendant's ability to access the plaintiff's emotional distress claim.  According to Western, the Court held this may conflict with an alternative explanation for plaintiff's emotional distress claim.  Western does not however address the psychiatric-patient privilege.

## II.    <u>Law and Analysis</u>

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1).  Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Rule 45 of the Federal Rules of Civil

Procedure authorizes the issuance of a subpoena to command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). In response to the subpoena, the nonparty must serve objections to the request before the earlier of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B.) If an objection is made, the serving party may move for an order compelling compliance in the court for the district where compliance is required. Fed. R. Civ. P. 45(b)(1)(B(i).

It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center*, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26.

III.  **Analysis**

A.  **The Psychotherapist-Patient Privilege**

Riley contends that her mental health records are not relevant to her emotional distress damages claim. She further contends that the U.S. Supreme Court recognized that a privilege covers confidential communications made by a patient to a licensed psychiatrist, psychologists and social worker. *See Jaffee v. Redmond,* 518 U.S. 1 (1996). Riley further contends that the privilege has not been waived by her claim for emotional distress damages of the "garden variety" type arising from the injuries she sustained to her neck and her back. Alternatively, Riley contends that if the Court determines that the defendants have made a sufficient showing to overcome Riley's privilege, a protective order is warranted under Fed. R. Civ. P. 26 ( c ).

The defendants contend that Riley alleges that she sustained past, present, and future emotional pain and suffering as a result of the accident.  The defendant contends that medical records are relevant to a claim of emotional distress damages and are relevant to helping the defendant  to provide an alternative explanation for Riley's emotional distress.

Defendants  citing  *Hingle v. Bd. Of Adm'rs of the Tulane Educ. Fund,* , CIVIL ACTION NO. 95-0134 SECTION ' R', 1995 U.S. Dist., at *9 (E.D. La. Dec. 7, 1995) contends that while Riley may not have sought psychiatric or psychological counseling for her knee injury that the reasons she saw counseling in the past is relevant. Also citing  *Bacharach v. Suntrust Mortg; Inc.,* No. 14-0962, 2015 U.S. Dist. LEXIS 52762, at *18-19 (E.D. L. A.. April 21, 2015).  Defendants also rely upon *Hardy v. Scandinavian Airlines Sys.,* 117 F.4th 252 (5th Cir. 2024)

The Court turns to the threshold issue, namely, whether the psychotherapist-patient privilege precludes the discovery sought in the Subpoena regarding Riley's prior mental health counseling.  The Fifth Circuit has not addressed the psychotherapist-patient privilege or waiver of any such privilege in any civil case. The parties have not cited any controlling authority addressing the psychotherapist-patient privilege under materially similar facts.

The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir.2001) ("A party asserting a privilege ... bears the burden of demonstrating its applicability." ); *Speaker v. County of San Bernardino*, 82 F.Supp.2d 1105, 1108 (C.D.Cal.2000) ("[T]he burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege applies.").  Courts typically hold that waivers are a negative burden that the privilege proponent must satisfy. *See Merrill v. Waffle House*, 227 F .R. D. 467, 475 (N.D.Tex.2005) ("Plaintiff has the burden of demonstrating that there has been no waiver of the [psychotherapist-patient] privilege." (*citing Fitzgerald v. Cassil*, 216 F. R .D. 632, 636 (N.D.Ca.2003).

The seminal case governing the application of the psychotherapist-patient privilege in federal court is *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L.Ed.2d 337 (1996). In that case, the Supreme Court recognized a federal common law privilege that protects psychotherapist-patient communications. *Id*. at 10, 116 S. Ct. 1923. In *Jaffee*, police officer Mary Lou Redmond shot and killed a suspect in the line of duty. *Id*. at 4, 116 S. Ct. 1923. The suspect's family filed suit in federal district court against Redmond and her employer, the Village of Hoffman Estates, Illinois. The plaintiffs alleged that Redmond violated the suspect's constitutional rights by using excessive force. *Id*. at 5, 116 S. Ct. 1923.

The Supreme Court held that the session notes were protected from discovery under a psychotherapist-patient privilege under Federal Rule of Evidence 501. *Id*. at 10, 116 S. Ct. 1923. The Court explained: "protecting confidential communications between a psychotherapist and her patient outweigh [s] the need for probative evidence" because "effective psychotherapy ... depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories and fears." *Id*. at 9-10, 116 S. Ct. 1923.

The Court, noting that improved mental health of citizens is an important public good, stressed that a psychotherapist-patient privilege "serves the public interest by facilitating the provision of appropriate mental treatment for individuals suffering from the effects of a mental or emotional problem." *Id*. at 11, 116 S. Ct. 1923. In cases such as Jaffee, the privilege serves a particularly strong public interest: "The entire community may suffer if police officers are not able to receive effective counseling and treatment after traumatic incidents, either because trained officers leave the profession prematurely or because those in need of treatment remain on the job." Id. Finally, the Supreme Court predicted that only a modest evidentiary benefit would materialize if it rejected the privilege because, without a privilege, conversations between the therapists and

their patients would be "chilled, particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation." Id. at 11-12, 116 S. Ct. 1923.

The *Jaffee* Court also extended the privilege to protect "confidential communications made to licensed social workers in the course of psychotherapy." *Id*. at 15, 116 S. Ct. 1923. Finally, the Court stated that a patient can waive the privilege but declined to define the "full contours" of the privilege and under what circumstances it could be waived. *Id*. at 15 n. 14, 18, 116 S. Ct. 1923.

Riley relying on  *Singleton v. Cannizzaro* 2020   WL  375600 (E.D. La.  2020) found that a patient does not waive the psychotherapist-patient privilege for "garden variety" emotional distress allegations.   Under this approach, ' where a plaintiff merely alleges 'garden variety emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege, ' " ( quoting *Kock v. Cox,* 489 F.3d 384, 390 ( D. C. Cir. 2007).  The factors for determining whether the plaintiff's claims are garden variety or more severe.  *Id.*

For example, (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that her mental condition is in controversy.'" In other words something more than the words "emotional distress damages" in the complaint is required before a defendant is granted wholesale access to a plaintiff's medical records.

In  *Bacharach v. Suntrust Mortg., Inc.* , No. 14-0962, 2015 U.S. Dist. LEXIS 52762, at 18-19 ( E.D. La. Apr. 21, 2015) [1]a FCRA financial/mortgage dispute case which statutorily

---

[1] *Williams v. United States Envtl Servs., LLC No. CV 15-168-RLB, 2016 WL 684607, at \*3 (M.D. La. Feb. 18, 2016)* applied the holding of  *Bacharach*  but missed that the nature of the claim was at issue and provided for the recovery of psychotherapist damages.

provides that a plaintiff is able to recover damages for emotional distress which requires evidence of a genuine injury such as the evidence of the injured party's conduct and a demonstration of a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of a damage award.

Although the undersigned did not reference the *Kock* factors in *Bacharach*, the statutory language and the evidence required are consistent because under an FCRA claim there must be evidence of psychological injury to support the claim as required in *Kock* factor 2. Further in *Kock* factor *5,* there must be a concession that the mental condition is in controversy. In *Bacharach*, the plaintiff did not object to her psychiatric or psychological records.

Defendants also relied on *Hardy Scandinavian Airlines sys.,* No. 21-1591, 2025 WL 416106 (E.D. La. Feb. 6, 2025). In *Hardy* a personal injury action where the plaintiff was injured while disembarking from an aircraft where the defendant failed to position the passenger boarding bridge in accordance with injury standards. Hardy in her initial disclosures identified a doctor as having knowledge of the psychiatric impact.

Judge Currault determined that the mental health records from 2011 through date be produced subject to the agreed to protective order after finding that plaintiff waived the psychotherapist-patient privilege. The judge noted that plaintiff had not provided evidence that the doctor was a licensed psychotherapist. Also of importance, plaintiff identified the doctor in her initial disclosures as a witness knowledgeable about her mental health. Also of note although not analyzed as such, the plaintiff in *Hardy* identified *Kock* factor 5 indicating that her mental condition was in controversy.

In this personal injury case, Riley contends that she did not waive the psychotherapist-patient privilege merely by claiming damages for emotional distress. According to the complaint, Riley has not made claims of intentional or negligent infliction of emotional distress or alleged to

have a specific mental or psychiatric injury .or disorder.  Riley further does not claim unusually severe emotional distress, offers or intends to offer expert testimony to support a claim of emotional distress, or claims that her mental condition is "in controversy."

During the hearing, counsel for Riley argued that the objective trauma, injuries and related emotional distress were caused by the multiple spinal surgeries not anything else.  In other words, the emotional distress is derivative of her severe physical trauma and injury.

Unlike the claimant in *Bacharach*  whose mental health was in controversy by the very nature of the FCRA claim, Riley's claim is a personal injury claim.  Applying the *Kock* factors, the Court finds that the plaintiff,  Riley Connick's claims are  a "garden variety" emotional damages.  Therefore, by making a claim for emotional damage, Riley has not waived the psychotherapist-patient privilege.

### B.  Proportionality

Riley also contends that the records sought by the defendant nonparty subpoenas are not proportional to the needs of the case and the burden or expense of the proposed discovery outweighed any benefit.  R. doc. 27-1  at P. 7.   Riley points out that she is not claiming the motor vehicle collision caused an independent diagnosable psychiatric condition requiring specific psychological treatment.  *Id.* Riley also points out that she has not designated any expert witness for either of her mental health providers.  *Id.*   Therefore, Riley contends that her mental health records are not proportional to the needs of the case.

Defendant contends that they must be given an opportunity to develop defenses to claims regarding her mental anguish.  According to the defendants the psychiatric and psychological records could bear on her conditions.  Finally, defendants contend that  the records are proportional to the needs of the case because it would help them establish plaintiff's mental health condition.

Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case. *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459 (N.D. Texas, Dallas Division, Dec. 7, 2015). Even if her mental health records were deemed relevant and the psychotherapy privilege did not apply, the proportionality factors serve as an additional bar to the discovery of her mental health records. The nature of the plaintiff's emotional distress claim according to plaintiff's counsel, is the result of her physical injuries from the accident. Further, the defendants suggested approach would automatically open a plaintiff's mental health records to discovery in every case regardless of how generic the allegations of emotional distress may be just by virtue of the existence of an emotional distress claim.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff Riley Connick's Motion to Quash and/or For Protective Order (R. Doc. 27) is GRANTED .**

**IT IS FURTHER ORDERED** that the Subpoenas issued to Hanson Psychiatry, LLC and Ochsner Clinic Foundation are **QUASHED.**

New Orleans, Louisiana, this 16th day of July 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

9